## LOUISA S. GREUSEL v. AUGUSTA SMITH ET AL.

### *Partition—Costs.*

1. In partition proceedings under How. Stat. chap. 270, the court has power to award to the complainant out of the fund a reasonable allowance for solicitor's fees above taxable costs.

2. The amount of such allowance is left, by the statute, in the sound discretion of the court, in view of the testimony before it, which discretion will not be reviewed, unless a plain case of its abuse is made to appear.

Appeal from Wayne. (Reilly, J.) Argued April 16, 1891. Decided May 8, 1891.

Bill for partition. Both parties appeal from an allowance of solicitors' fees to complainant. Order appealed from affirmed, and record remanded for further proceedings. The facts are stated in the opinion.

*Stuart, Knappen & Van Arman* (*Fraser & Gates*, of counsel), for complainant.

*James H. Pound*, for defendants.

CHAMPLIN, C. J. A bill of complaint was filed in the

circuit court for the county of Wayne, in chancery, by the complainant to obtain partition of certain lands in the city of Detroit, in said county.

A decree has been entered for partition, in which, among other things, it was referred to a circuit court commissioner to ascertain and report whether actual partition was practicable, and, if sale was necessary, whether in one or more parcels. The commissioner reported that the premises could not be partitioned, but should be sold in two parcels. The report was confirmed, the usual decree of sale made, with the further provision that the expenses of the complainant and of the guardians *ad litem* of the infant defendants, as well as taxable costs and disbursements, be paid out of the fund, and directing reference to a commissioner to ascertain and report the amount of such expenses above taxable costs.

Testimony was taken under this reference, and the commissioner filed his report, finding complainant entitled to $417 for solicitors' fees and expenses above taxable costs and abstract of title, and awarding the guardians *ad litem* of the infant defendants $100 for solicitor's fees. The defendants filed general exceptions to the report. The exceptions were brought on for hearing, and an order was made allowing complainant $200 for solicitors' services and expenses above taxable costs and abstract fees, and disallowing the commissioner's allowance to the guardians *ad litem*, as well as all other items allowed to complainant. The adult defendants appealed from so much of the decree as awarded complainant her expenses above taxable costs, and the complainant subsequently appealed from the order reducing the allowance found in her favor by the commissioners.

But two questions are raised by the appeals:

1. The power of the court in partition cases to award

to complainant, out of the fund, a reasonable allowance for solicitor's fees above taxable costs.

2. If such power exists, what amount should be allowed and awarded to the complainant in this case?

The solicitor for the adult defendants appealing insists—

1. That no allowance can be made for solicitor's fees and charges over and above the taxable costs.

2. If they are allowable, $200 is excessive.

The first question involves a construction of the statutes relative to partition. How. Stat. § 7907, provides that—

"The costs and expenses of the proceedings shall be deducted from the proceeds of every sale made by the master, and shall be by him, in the first instance, paid to the complainants or their solicitor."

Section 7898 provides that—

"In all cases the proportion of the expenses of the proceedings shall be deducted from the proceeds of such sale."

Section 7897 contains the following clause:

"At or before the coming in of the report of sale by the master, then the court shall ascertain and determine what proportion of the proceeds of such sale, after deducting all expenses," etc.

Section 7917 reads as follows:

"When a decree confirming the partition made by any commissioners shall be entered, as provided in this chapter, the court shall also adjudge and decree that each of the parties concerned therein, other than the complainants, pay to such complainants a proportion of the costs and charges of the proceedings, to be ascertained by the court, according to the respective rights of the parties, and the proportion of such costs and charges assessed upon the unknown owners to be chargeable on the part remaining undivided," etc.

We think it is the intention of this statute authorizing the partition of the lands to permit the allowance of

reasonable and proper charges for the services of the solicitor for the complainants, to be paid, in case of sale of the premises, out of the proceeds of such sale, in addition to the other fees and charges allowed by the statute to be taxed in the case; and where the premises are not sold, but are partitioned, then such reasonable charges are to be apportioned among the parties in proportion to the respective interests in the estate partitioned. The words used in the statute in some sections, "the costs and expenses of the proceedings," and in others, "the costs and charges of the proceedings," are intended to include something more than the taxable costs in the proceedings, and must necessarily refer to the reasonable allowance for the services of the solicitor. This disposes of the first question stated in the appeal.

The other question embraced in the appeal of the complainant, it appears to us, is left, by the statute, in the sound discretion of the court, in view of the testimony before it, and it is a discretion which will not be reviewed by this Court, unless it is made to appear that the circuit court abused its discretion in making the allowance; and we cannot say in this case that there appears to us a plain abuse of discretion.

The order appealed from, therefore, will be affirmed, without costs to either party, and the record remanded for further proceedings.

The other Justices concurred.