CHARLES T. McMULLIN et al.

*v.*

SARAH N. DOUGHTY et al.

[Decided July 1st, 1905.]

Where, in partition, defendant presented claims which were overruled and rejected, such conduct on her part causing substantially all the expenses, it was proper to charge the costs against her, instead of charging the complainants with a proportionate share of the expenses.

In partition, &c. On motion to tax costs before the master against the defendant Sarah N. Doughty.

*Mr. John D. McMullin,* for the complainant, for the motion.

*Mr. Herbert A. Drake,* for the defendant Sarah N. Doughty, *contra.*

GREY, V. C.

In this partition suit, as collateral to the equal division of the property between the owners according to their several shares, an order of reference was made to a master to take and state an account between the parties to ascertain what was due from either party to the other. This covered claims for cutting, hauling and sawing timber, and other incidents of like nature.

The master has taken testimony and has stated his account in accordance with the directions of the order of reference. No exceptions have been filed thereto.

Upon the coming in of the master's report and account, the complainant moved that the costs of the proceedings before the master should be taxed against the defendant Sarah N. Doughty.

The counsel for that defendant insists that it is a fixed and unalterable rule in actions for partition that all the costs and

expenses must be charged upon the parties or their several shares in proportion to their respective interests, and upon this point cites the case of *Coles* v. *Coles, 13 N. J. Eq. (2 Beas.) 366.* A careful reading of that case will, I think, show that the chancellor's declaration that the costs of the partition should be charged upon the several shares in proportion to their respective values referred to cases in which the defendant concurs in the partition proceedings. It is based upon the idea that all parties to the suit are in that case presumed to be proportionately benefited by all the steps in which costs are incurred.

On page 368 of that case the chancellor declares in substance that if the complainant's rightful claims are opposed on any ground unsuccessfully, the defendants will be compelled to pay the costs.

To hold that in every case costs must be divided proportionately would enable a defendant to gratify a hostile spirit by raising useless questions and insisting upon unjust claims and persistently litigating them. Although the adverse party might successfully and rightfully resist the unjust claims, he would yet be compelled to pay a ratable share of the expenses of the effort to wrong him.

The declarations of Chancellor Green in the case of *Coles* v. *Coles,* in my view, were not statements of a hard and fast rule, binding upon the court, but rather of the course of practice which in a given case the court would follow in the exercise of a discretion vested in it to award costs or not, according to the equity of the particular matter which happened to be before it.

In this case the litigation has been conducted in a hostile and persistent manner by the defendant Sarah N. Doughty. An examination of the proceedings before the master in this case will show that substantially all of the testimony, time and incidental expenses of the hearings before him were occasioned by the presentation of claims on the part of the defendant Sarah N. Doughty which were overruled and rejected. Under such circumstances it would be highly inequitable to charge the complainants with a proportionate share of the expenses of a litigation unnecessarily forced upon them, in which they were successful.

The motion of the complainant that the costs of the suit before the master should be charged against the defendant Sarah N. Doughty should be sustained.