BRADSHAW *v.* BANK OF LITTLE ROCK.

Opinion delivered October 7, 1905.

1. CREDITORS' BILL—RECEIVERSHIP OF INSOLVENT CORPORATION.—Under Kirby's Digest, § 950, providing that "any creditor or stockholder of any insolvent corporation may institute proceedings in the chancery court for the winding up of the affairs of such corporation, and upon such application the court shall take charge of all the assets of such corporation and distribute them equally among the creditors, after paying the wages and salaries due laborers and employees," a bill by a creditor against an insolvent corporation, alleging plaintiff's claim and

defendant's insolvency and asking for the appointment of a receiver to take charge of the bank's assets, is a creditors' bill. (Page 504.)

2. SAME—ALLOWANCE OF ATTORNEY'S FEE.—Where a creditors' bill is brought for the purpose of procuring the appointment of a receiver to wind up the affairs of an insolvent corporation, the cost of securing the receiver, including reasonable attorney's fee, must be borne by all the creditors in proportion to the amount realized by them. (Page 504.)

3. SAME—APPLICATION FOR ALLOWANCE OF ATTORNEY'S FEE.—The application in a creditors' suit to the chancery court for the allowance of the fee of plaintiff's counsel may be made either by the creditor who employed the counsel or by counsel who performed services. (Page 504.)

4. SAME—BY WHOM ATTORNEY'S FEE IS PAYABLE.—The fee of the plaintiff's counsel in a creditors' suit is not payable by the debtor as costs of the suit, but is payable out of the funds realized in the suit. (Page 505.)

5. SAME—AMOUNT OF ATTORNEY'S FEE.—Where a suit was brought for the benefit of all the creditors, and the services of plaintiff's counsel resulted in securing or producing no fund for the benefit of creditors, the extent of the assets realized in the suit may be considered in fixing the fee of such counsel, which should be a reasonable charge for the services performed. (Page 505.)

Appeal from Pulaski Chancery Court.

JESSE C. HART, Chancellor.

Reversed.

### STATEMENT BY THE COURT.

The Little Rock Vehicle & Implement Company, by their attorneys, Bradshaw & Helm, brought an action in equity against the Bank of Little Rock, alleging that the plaintiff was a creditor of the bank and that the bank was insolvent, and praying that a receiver be appointed to take charge of the assets of the bank and for other relief. A receiver was appointed, who took charge of the assets of the bank. The other creditors of the bank proved their claims before the receiver, and assets of the bank were recovered by him amounting to $185,000, sufficient to pay the claims of all the creditors in full.

Afterwards Bradshaw & Helm, attorneys for the plaintiff, Little Rock Vehicle & Implement Company, filed an intervening petition. They set up the fact that, as attorneys for the Vehicle Company, they had filed a complaint, and secured the appointment of a receiver to take charge of the assets of the Bank of Little

Rock; that the complaint filed by them in that action was in fact a creditors' bill, and that it brought into court assets of the bank sufficient to pay the claims of all the creditors; and they asked that an allowance of $500 be made out of the funds in the hands of the receiver for their services in bringing said action.

The Bank of Little Rock filed an answer, in which it denied that the petitioners filed the complaint in the interest of the creditors of the bank generally, but alleged that they represented the plaintiff in that action, and one or two other creditors only, and it · denied that petitioners had rendered any services to the receiver or to the general creditors of the bank.

On the hearing the court held that the allowance should not be made, and dismissed the petition, from which judgment interveners appealed.

*W. E. Atkinson, Pugh & Wiley, Blackwood & Williams,* and *Ratcliffe & Fletcher,* for appellants.

The suit was for the benefit of the general creditors of the Bank of Little Rock. 5 Thomp. Corp. § 6567; Kirby's Dig. § § 249-942; 2 Beach, Trusts & Trustees, § 614; 97 N. Y. 105. And if so, appellants are entitled to a fee for their services, 105 U. S. 527; 13 Allen, 474; 10 Wall. 483; 8 Ves. 4; 93 U. S. 352; 113 U. S. 116; 53 Ark. 560; 66 How. 130; Gluck & Becker, Recrs. Corp. 354; Beach, Recrs. 813; 9 C. C. R. (Ohio), 132; 35 Ohio St. 581; 70 Fed. 643; 38 Fed. 281; 45 S. C. 319; 113 U. S. 116; 43 Fed. 719; 87 Ga. 134; 29 Ga. 142; 59 S. W. 709; 67 Fed. 85; 12 Cyc. 60.

*J. M. Moore* and *W. B. Smith,* for appellee.

Appellants are not entitled to a fee for services other than by contract. 1 S. E. 5; 91 N. Y. 57; Beach, Recrs. § 752; 122 Mass. 422; 88 N. Y. 571; 21 S. C. 179; 91 Fed. 19; Fed. Cases, 4552, 6530.

RIDDICK, J., (after stating the facts.) This is an application by attorneys, who brought an action to recover a debt against an insolvent bank and secured the appointment of a receiver, for allowance of a fee for such services. The action was brought in the name of the Little Rock Vehicle & Implement Company, and the attorneys were acting for this company and one or two other creditors of the bank. The receiver collected assets

of the bank amounting to $185,000, sufficient to pay all the creditors of the bank, and the petitioners allege that the petition filed by them was in the interest of all the creditors, and that they are entitled to have compensation for their services allowed out of the funds in the hands of the receiver.

Our statute forbids an insolvent corporation from giving preference to any of its creditors, and provides that, "any creditor or stockholder of any insolvent corporation may institute proceedings in the chancery court for the winding up of the affairs of such corporations, and upon such application the court shall take charge of all the assets of such corporation and distribute them equally among the creditors, after paying the wages and salaries due laborers and employees." Kirby's Digest, § § 949, 950. A consideration of the statute shows that the action brought by the plaintiff to secure the appointment of a of a receiver and wind up the affairs of this insolvent bank was for the benefit of all the creditors of the bank. For that reason it is just and equitable that the cost of securing the receiver, including reasonable attorney's fees, shall be borne by all the creditors, in proportion to the amount realized by them. Otherwise, the creditor who brought the action, having to bear all the cost of the attorney's fees, would, in the end, secure a less proportion of his debt than the other creditors. To avoid this inequality, it is customary and usual for the court in such cases to make him an allowance sufficient to cover reasonable charges for his counsel. This question came before the Supreme Court of Massachusetts in a recent case where the plaintiff had procured the appointment of a receiver, and the court sustained the allowance, and said that "when many persons have a common interest in a fund, and one of them for the benefit of all brings a suit for its preservation, and retains counsel at his own cost, a court of equity will order a reasonable amount to be paid to him out of the funds in the hands of the receiver in reimbursement of his outlay." *Davis* v. *Bay State League,* 158 Mass. 434; *Tompkins Co.* v. *Chester Mills,* 90 Fed. 39; *Burden Central Sugar Refining Co.* v. *Ferris Sugar Mfg. Co.,* 87 Fed. 810; *Trustees* v. *Greenough,* 105 U. S. 527.

The main purpose of such an allowance, however, is not to benefit the attorney, but for the benefit of his client and to secure

equality and justice between the creditors. For that reason, we on first thought were inclined to the opinion that the application for such an allowance should be made by the creditor, and not by the attorney, and that for that reason this petition was properly dismissed. But on examination of the case we find that the petition can be made either by the creditor who employed counsel or by the attorneys who performed the services. *Trustees* v. *Greenough*, 105 U. S. 527.

So, treating the petition as properly brought, we have next to consider the proper basis for determining the amount of such fees.

Before proceeding to that point, it is proper to observe that this allowance does not come out of the bank, but from the creditors in proportion to the sums received by them from the receiver. It is alleged that the funds of the bank in the hands of the receiver are sufficient to pay all the creditors in full; and when the bank has paid its creditors in full, it cannot be taxed any further for attorney's fees. The cost which a successful litigant may recover of his adversary in this State does not include such fees.

The petitioners in the action brought by them represented only their own clients, though the action brought was equally beneficial to all creditors of the bank. If their services had resulted in securing or producing a fund for the benefit of the creditors, then the amount of this fund might well be the main element to be considered in fixing the amount of such fee; but no such fund was produced here. The attorneys, acting for two or three creditors, filed a complaint against an insolvent bank, asking for a receiver. The bank admitted insolvency, a receiver was appointed, and here the services of the attorneys ended. The insolvency of the bank resulted from a large loan made by the bank to a party who never repaid it. A mistake was made, but there is no charge of any dishonesty or fraud on the part of the bank officials, or that the remaining assets were in danger of being squandered; and for this reason we, as before stated, do not think that these assets were produced or secured by the action against the bank. In fixing the amount to be allowed, the extent of the assets that came to the hands of the receiver may, no doubt, be considered; but the object of the allowance, as before stated, is not to give the attorneys a larger fee than they might have re-

covered from their own clients, but to shift the burden of the charge from them and place it upon the creditors of the bank generally. The inquiry then is, what would have been a reasonable charge against their own clients for the services performed? No witness testified on this point, though Mr. Bradshaw said that he did not intend to charge his client a very large fee. For this reason, we are of the opinion that the sum demanded is excessive, but we are of the opinion that it is better to refer the matter to the learned chancellor before whom the proceedings were had, and allow him to make the allowance against the creditors generally in such sum as to him may seem proper.

Judgment of dismissal reversed, and cause remanded with an order that a reasonable allowance be made to counsel sufficient to cover costs of services actually performed.