GARDNER *v.* MCAULEY.

Opinion delivered December 2, 1912.

PARTITION—TAXING SOLICITOR'S FEE.—In partition suits the court will not allow the fee of plaintiff's solicitor to be taxed against the estate where the proceedings were adversary, or where such services were not accepted and acquiesced in by the defendants, or where such services did not result in benefit to the whole subject-matter of the litigation.

Appeal from Jackson Chancery Court; *George T. Humphries,* Chancellor; reversed.

*Phillips, Hillhouse & Boyce,* for appellants.

1. This was an adversary suit. Kirby's Dig., § § 6005-6; 75 Ark. 38; 74 Neb. 303.

2. Chancery courts in this State have no jurisdiction to assess the fees of attorneys as costs or expenses in adversary partition suits like this. 60 Ark. 195; 61 *Id.* 409; 25 *Id.* 235; 31 *Id.* 266; 30 Kan. 380; 13 N. J. Eq. 365; 111 S. W. 1129; 76 Ark. 151; 30 Cyc. 278; 75 Pac. 130; 33 N. W. 676; 53 S. E. 646.

*Otis W. Scarborough,* for appellees.

1. This was simply a suit for partition of lands, and in no sense an adversary suit. 95 Ind. 184; 43 Ark. 296; 33 *Id.* 429; 75 Md. 486; 63 Tex. 641; 76 Ark. 150; 47 *Id.* 175; 53 Fed. 872; 64 Ark. 353; 21 D. C. 74; 141 Pa. St. 93.

2. In such cases it is proper to tax an attorney's fee as part of the costs and expenses. 91 N. W. 987; 72 N. E. 1117; 84 Minn. 346; 15 R. I. 52; 52 Atl. 992; 74 Neb. 303; 111 S. W. 1129; 2 Story C. C. 553; 65 Ark. 549; 48 N. W. 616; Kirby's Digest, § 5793; 21 Oh. St. 657.

McCULLOCH, C. J. The parties to this action were the owners, as tenants in common, of a tract of land in Jackson County, Arkansas, and appellees, who owned an undivided one-sixth interest in the land, commenced this action in the chancery court against appellants, who were the owners of

the other five-sixths, to have a partition according to their respective intersts. Robert C. McAuley, one of the appellees, claimed an interest, as tenant by the curtesy, in the undivided one-sixth interest owned by his co-appellees, and he joined as party plaintiff in the suit. Appellants employed attorneys to represent them in the cause, and promptly made their appearance and filed an answer, in which they disputed the rights of Robert C. McAuley as a tenant by the curtesy, and also alleged that the lands could not be partitioned in kind, and asked that the same be sold for partition. On final hearing of the cause, the court appointed commissioners to make partition, and on report of the commissioners the court rendered a decree for partition of the lands in accordance with the respective shares of the parties. Subsequently the court made an order allowing appellees the sum of $300 as a fee for their solicitor, and taxed the same as costs in the action. From this part of the decree an appeal has been prosecuted.

Therefore, the only question presented in the case is, whether or not, in a suit for the partition of lands, it is proper to allow the solicitor of the plaintiff a fee for his services, and tax the same against all the parties to the action.

The only statute in this State bearing even remotely on the question at issue is a section of the Civil Code relating to proceedings where lands are sold because not susceptible of division, and it provides that "the proceeds of every such sale, after deducting the costs and expenses of the proceedings, shall be divided among the parties whose rights and interests shall have been sold, in proportion to their respective rights in the premises." Kirby's Digest, § 5793.

The Supreme Court of Michigan held that a somewhat similar statute authorized the allowance of attorney's fees in a partition suit where no sale of the land was made. *Greusel* v. *Smith*, 85 Mich. 574, 48 N. W. 616.

This does not seem to us, however, to be the proper construction of the statute, and in this view we are supported by decisions of other courts. *Swartzel* v. *Rogers*, 3 Kan. 380; *Lang* v. *Constance*, 20 Ky. Law Rep. 502, 46 S. W. 693.

This court, in *Cowling* v. *Nelson*, 76 Ark. 146, held that the chancery court was without jurisdiction to order a sale

of lands in a partition suit to pay costs and expenses, including attorney's fees.

So, if there be authority to tax attorney's fees against the parties in a partition suit, it must be found outside of the statutes of this State. That question has never before been here for decision. In *Cowling* v. *Nelson, supra,* we said:

"The utmost that can be said of the attorney's fees are that they were part of the costs; and as to whether the court has, in amicable suits, any right to tax them as costs is a question that the courts are divided upon, but all agree that in adversary proceedings they can not be so taxed."

Upon consideration of that question, it now appears to us that the weight of authority is against the taxation of attorneys' fees, even in amicable partition suits, unless the partition resulted solely from the services of the solicitors for one of the parties, and such services were accepted by the other parties. See 21 Am. & Eng. Enc. of Law, (2 ed.) pp. 1177-78; 30 Cyc. p. 298; *Jordan* v. *Farrow,* 130 Ala. 428; *Hutts* v. *Martin,* 134 Ind. 587; *Coles* v. *Coles,* 13 N. J. Eq. 365; *Butler* v. *Butler,* 73 S. C. 402; *Legg* v. *Legg,* 34 Wash. 132.

In adversary suits there is no ground for taxing the fees of the solicitor of one of the parties against the other parties, and the doctrine of allowance of attorney's fees in amicable suits of this character should, we think, be limited to those cases where the services of the plaintiff's solicitor not only result in benefit to the whole subject-matter of the litigation, but are accepted and acquiesced in by the other parties. The rule does not apply where all of the parties appear by their respective solicitors and the proceedings are conducted through their joint efforts. The true rule which should govern in these cases is, we think, stated by the New Jersey court as follows: "The order for the allowance is frequently based on the consent of parties or on the statement that the parties concur in the allowance. Where this is the case, or where the proceeding is in fact amicable and in behalf of all the parties interested, the propriety of the allowance is manifest. The aid of counsel is necessary to investigate title, to examine conflicting claims, and to conduct the cause. Where the defendant concurs in the proceeding, there is no reason why the complainant should be compelled to bear this part of the expense more

than any other. In such case the complainant's counsel represents the interests and protects the rights of all the parties. All are presumed to be equally benefited by the proceedings. But the complainant's claim to partition may be resisted. The proceedings may be hostile, or, if not hostile, the defendants may employ their own counsel, and by answer seek to protect their interests. If the plaintiff's title is disputed, or the partition opposed upon any ground unsuccessfully, the defendants will be compelled to pay costs. And if no opposition is made to the partition, and the defendants choose to employ their own counsel, why should they be compelled to pay the counsel of the complainant? If the complainant is entitled to an allowance for counsel fees, why not the defendants also? As the proceeding in this case is not amicable, and as the claim for counsel fees is resisted by the defendants, it must be denied." *Coles* v. *Coles*, 13 N. J. Eq. 365.

Now, either of the rules above stated excludes the right of the appellees to have their solicitor's fee taxed as a part of the expense of the proceeding. Appellants promptly appeared in the action with their own solicitors to represent them, and thereafter took part in the proceedings, the same becoming to some extent adversary. Up to the time of the appearance in the case it can not be said that the proceedings were amicable, for it could not be told, until the appearance day passed, whether the same would be amicable, or whether they would thereafter be adversary. As a matter of fact in this case, the proceedings did become to some extent adversary, for appellants denied the right of partition in kind, and asserted that the lands could not be equitably divided, and should be sold for division. Thereafter they were represented by their own counsel, and there is no reason why, in addition to this, they should be taxed with any portion of the fees of the solicitor of appellees. It can not be said under those circumstances that they ever accepted the benefit of the services of appellees' solicitor, for they were represented by their own solicitors in every step of the proceedings.

We are not to be understood as holding that, where one or more tenants in common brings suit against the other tenants in common for partition, and there is no appearance or resistance, the proceedings resulting in an amicable parti-

tion of the property, the fees of the plaintiff's solicitors should not be taxed against all the parties. That question does not arise in this case under the facts as before related. But, even in that sort of a case, if the fees are taxable, they can only amount to such sum as the solicitor can appropriately charge his own client, and not the fee he might have charged if employed by all of them. *Bradshaw* v. *Bank of Little Rock,* 76 Ark. 501. "The object of the allowance," said this court in the above cited case, "is not to give the attorneys a larger fee than they might have recovered from their own clients but to shift the burden of the charge from them and place it upon the creditors of the bank generally. The inquiry then is, what would have been a reasonable charge against their own clients for the services performed?"

Our conclusion, therefore, is that it was improper to tax any attorney's fees against appellants, and the decree of the court in that respect is reversed, and the allowance stricken out. It is so ordered.