CONLON *v.* WAYNE CIRCUIT JUDGE.

PARTITION—COSTS—SOLICITOR'S FEES—MANDAMUS—ATTORNEY AND CLIENT.

> No lien is given by statute to the solicitor of one of the parties in a partition suit, or to the clients (3 Comp. Laws, § 11080; 5 How. Stat. [2d Ed.] § 13277), and hence mandamus will not lie to require the court to determine the amount of solicitor's fees and award a lien upon a fund obtained from the sale of the real property, and to create which his services did not contribute.

Mandamus proceedings by Thomas A. Conlon against George P. Codd, one of the circuit judges for the county of Wayne to compel respondent to vacate an order denying relator an attorney's lien upon funds in the hands of the court. Submitted April 27, 1915. (Calendar No. 26,510.) Writ denied June 7, 1915.

*Neal M. Hebinger,* for relator.

*A. G. Pitts,* for respondent.

PER CURIAM. A certain fund arising out of the sale of lands in partition proceedings is in the hands of or under control of the circuit court. Respondent, one of the judges of the court, denied relator an order fixing his fees as solicitor for some of the parties interested in the fund and giving him a lien upon the fund. He applies to this court for a writ of mandamus to compel the setting aside of the order refusing him relief. The return of respondent, which must be taken as true, and which is, in fact, supported by the record, shows that relator, while he has undoubtedly performed services for parties to whom portions of the fund belong, performed no services in the creation of the fund. The sum which either of relator's clients owes him is in dispute.

The statute (3 Comp. Laws, § 11080 [5 How. Stat. (2d Ed.) § 13277]), gives no lien to relator's clients upon the fund. The fund is not a judgment obtained by the services of relator. See *Greusel* v. *Smith,* 85 Mich. 574 (48 N. W. 616); *Barbour* v. *Patterson,* 145 Mich. 459 (108 N. W. 973). We are therefore of opinion that the court was right in refusing to fix the amount of relator's demand and in denying his right to a lien.