OLIVER v. OLIVER et al.    (No. 5565.)

(Court of Civil Appeals of Texas. Austin. Jan. 5, 1916.)

1. APPEAL AND ERROR ⊜⇒275, 501—PRESENTATION OF GROUNDS OF REVIEW IN COURT BELOW—NECESSITY.

Assignments of error complaining of the court's overruling of exceptions cannot be considered where the record did not show that the

exceptions were called to the attention of the court or that the court made any ruling.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1566, 1567, 1647, 2300–2305; Dec. Dig. ☞275, 501.]

2. PARTITION ☞38—AUTHORITY OF COURT—STATUTE.

Regardless of statute, the district court has jurisdiction to order the sale of lands for partition.

[Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 91, 92; Dec. Dig. ☞38.]

3. APPEAL AND ERROR ☞1033 — REVIEW — HARMLESS ERROR.

Where plaintiff, who was entitled to an interest in an indivisible tract of land, sought partition, he cannot complain that the court, without decreeing sale, required him to accept a sum of money in lieu of his interest which was given to the other tenants, where the sum exceeded the value of his interest.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4052–4062; Dec. Dig. ☞1033.]

Error from District Court, Hamilton County; J. H. Arnold, Judge.

Action by C. F. Oliver against D. M. Oliver and others. There was a judgment awarding plaintiff an amount fixed, but denying sale for partition, and he brings error. Affirmed.

S. R. Allen, of Hamilton, for plaintiff in error. Eidson & Eidson, of Hamilton, for defendants in error.

JENKINS, J. Plaintiff in error is one of the eight children of D. M. Oliver and his deceased wife. He brought this suit for partition of the community estate of his deceased mother. The defendants, except D. M. Oliver, answered that they did not desire their interest in the community estate partitioned. D. M. Oliver answered that a part of the land described in plaintiff's petition was his separate property, and that as to the other the plaintiff had received his portion of the community estate, and, if not, that the land belonging to said estate was incapable of partition, and that he was ready and willing to pay to the plaintiff the amount, if anything, still coming to him, and that 200 acres of the community property was his homestead. The court found that 334 acres of the land described in plaintiff's petition was the community property of D. M. Oliver and the deceased mother of plaintiff; that plaintiff inherited a one-sixteenth interest in said property; that it was incapable of partition; that 200 acres thereof was occupied by D. M. Oliver and his minor children as a homestead; that the total value of said land was $10,660; that plaintiff's (C. F. Oliver's) interest was of the value of $666.25; that "the plaintiff, C. F. Oliver, has received in advancements and for which he should account the sum of $500," leaving $166.25 still due him out of said estate; and that "the said D. M. Oliver having paid to the clerk of this court the sum of $166.25,

the amount of the interest of said C. F. Oliver in the property sued for, after deducting the $500 heretofore advanced the plaintiff, C. F. Oliver, by defendant D. M. Oliver, said amount to be paid to the said C. F. Oliver by the clerk of this court, and the said Oliver's receipt taken therefor. The court finds that C. F. Oliver is not entitled to any further interest in the property sued for, and that on account of the finding hereof and the payment of said sum into court that the defendant D. M. Oliver is the owner of the interest of the said C. F. Oliver in the property described in plaintiff's petition."

[1] The above facts appear in the judgment of the court. No statement of facts or findings by the trial court appear in the record. The case was tried by the court without a jury.

Plaintiff in error's assignments of error as to the action of the court in overruling his exceptions cannot be considered, for the reason that it does not appear from the record that such exceptions were called to the attention of the court or that the court made any ruling thereon. Telegraph Co. v. Vance, 151 S. W. 907.

[2, 3] It is the contention of plaintiff in error that the court had no authority to require him to accept the $166.25 in lieu of his interest in the community estate of his deceased mother, but that the court should have ordered the same to be sold. The court found, as it was authorized to do under the statute, that the property of the community estate was incapable of partition. Such being the case, if it was sold as is provided by statute, plaintiff in error would receive only his pro rata portion of the proceeds, less the $500 which he had already received, as found by the court. Unless he would have received more by having the land sold than he received under the judgment of the court, he has no grounds of complaint. He does not complain that the court did not properly value the community estate, or did not allow him all that was coming to him. It appears from the judgment that the court valued the entire tract of land, including the homestead and the improvements thereon, without making any allowance for the fact that defendant in error was entitled to occupy 200 acres as his homestead during his lifetime, by reason of which it would appear that, if the court had ordered the land sold, it probably would not have brought the amount fixed by the court, as the purchaser would not have been entitled to possession of the 200 acres while occupied as a homestead by defendant in error or his minor children, and such sale might be very detrimental to the interest of the other children. It is true, as alleged by plaintiff in error, that the statute does not provide that the court may decree the land to the defendant in error upon the payment of the balance

due plaintiff in error; but the power of the court in this respect is not confined to the statute. Under the general jurisdiction of the district court, it has power to partition the estate. Moore v. Blagge, 91 Tex. 151, 38 S. W. 979, 41 S. W. 465, and Blagge v. Shaw, 41 S. W. 756.

The plaintiff in error having received all, if not more, than he is entitled to under the findings of the court, the judgment of the trial court is affirmed.

Affirmed.