**LAIRD et al. v. GULF PRODUCTION CO. et al.**

No. 4366.

Court of Civil Appeals of Texas. Texarkana.

Oct. 20, 1933.

Rehearing Denied Nov. 2, 1933.

Smith & West, of Henderson, for appellants.

Vinson, Elkins, Sweeton & Weems and Geo. E. B. Peddy, all of Houston, Ramey, Calhoun, Marsh & Higgins, H. Grady Chandler, and Lasseter, Simpson & Spruiell, all of Tyler, C. F. Richards, of Lockhart, Brachfield & Wolfe and W. M. Futch, all of Henderson, Jno. E. Green, Jr., of Houston, Clifford L. Stone, of Henderson, John Broughton and Claude McCaleb, both of Houston, H. L. Stone, of Pittsburgh, Pa., Thomas Y. Banks, of Tyler, W. W. Mason and Ben B. Hunt, both of Mexia, and Abney, Bath & O'Banion, of Henderson, for appellees.

JOHNSON, Chief Justice.

This suit was filed December 10, 1931, in the district court of Rusk county, by Ivey Melton Laird, joined by her husband, Kirk Laird, Spivey Melton, Estelle Melton, a single woman, and Ada Wood, joined by her husband, J. W. Wood, in trespass to try title, against C. E. Christian and wife, Ida Christian, and numerous parties claiming mineral interests under C. E. Christian, in certain lands located in Rusk county and described in plaintiffs' petition. Plaintiffs' third amended original petition, on which they went to trial, contained three counts. First, in trespass to try title, with allegation of ten years' limitation, seeking to recover two-fifths undivided interest in the land described, and to recover for a quantity of crude oil alleged to have been removed therefrom. By their second count plaintiffs sought to cancel a judgment of the district court of Rusk county entered on January 24, 1912, in cause No. 5503, styled J. W. Wood et al. v. C. E. Christian. The third count sought to cancel certain powers of attorney and an oil and gas lease on the land executed by plaintiffs to A. D. Allen and E. D. Sessions. So far as is necessary to mention, the defendants, C. E. Christian and those claiming under him, by their answers to the merits, pleaded a general denial, plea of not guilty, and limitation of four and ten years. The trial was to a jury. The court at the close of the evidence and on motion of defendants, over objection of plaintiffs, peremptorily instructed the jury to return a verdict for the defendant, and upon which the court entered judgment for the defendants and against plaintiffs. Plaintiffs have perfected their appeal from an order of the court overruling their motion for new trial, and have made a number of assignments of error directed at the action of the court in peremptorily instructing the jury. We will only discuss those presented which appear to be decisive of the case.

The judgment in cause No. 5503 and the receiver's deed thereunder purports to divest plaintiffs of the title to their two-fifths interest in the land and to vest it in defendant, C. E. Christian, hence plaintiffs' right to recover it back in this suit is dependent upon either having the judgment declared void, or upon vacating it for alleged invalidity rendering it voidable. The land appears to have been a part of the community estate of one C. L. Christian and wife, M. A. Christian, deceased parents of Mrs. Ada Wood and C. E. Christian, and grandparents of Ivey Melton, Spivey Melton, and Estelle Melton. C. E. Christian had, prior to the institution of cause No. 5503, taken possession of and was asserting title to the entire estate, both real and personal. Cause No. 5503 was a suit for partition of said estate filed in district court of Rusk county on December 3, 1908, by the parties plaintiffs in this suit and against said C. E. Christian, as defendant, and who is also defendant in the present suit. The case was tried before the court on January 24, 1912, and judgment entered, in substance, that plaintiff Mrs. Ada Wood recover of C. E. Christian the sum of $280.75, less $100 theretofore advanced to said plaintiff out of the estate; and that plaintiffs, Ivey Melton, Spivey Melton, and Estelle Melton, minors, suing therein by next friend, J. S. Melton, recover of defendant, C.

E. Christian, the sum of $280.75; of the land, a one-fifth undivided interest was adjudged to Mrs. Ada Wood, a one-fifth to said minors jointly, and three-fifths to the defendant, C. E. Christian, it appearing that he had acquired interest of other heirs. The judgment then recites:

"It is the further opinion of the court that a fair equitable division of the above described real estate or any part thereof cannot be made, and that it is to the best interest of all the parties to this suit that a sale of said ⅖ interest in said real estate be made, and it is hereby ordered by the Court that J. P. Archer, a competent and disinterested person is hereby appointed Receiver by the Court to sell an undivided ⅖ interest of the aforesaid real estate at private sale for cash and report said sale back to the Court at the present term thereof for confirmation or rejection as the Court may deem proper."

The final judgment further recites report and confirmation of the receiver's sale of said undivided two-fifths interest to C. E. Christian for consideration of $239.40, cash, and orders the proceeds of the sale, together with the other sums adjudged against defendant, C. E. Christian, be paid to the clerk of the court and by him distributed to plaintiffs according to the amounts adjudged to each. Then follows a decree of the court divesting all right, title, and interest in and to the land out of plaintiffs and vesting the same into defendant, C. E. Christian. On margin of the judgment are receipts acknowledging payment by the clerk in full settlement of the amounts due under the judgment, signed by the attorney for Mrs. Ada Wood on February 13, 1912, and by the other plaintiffs in person after they became of age, and to wit, by Ivey Melton on June 5, 1913, by Spivey Melton on June 12, 1917, and by Estelle Melton on February 28, 1921. The respective amounts received by each and interest thereon were tendered upon this trial, and, under the additional plea that at the time they were received and accepted by the plaintiffs, they did not know of the alleged invalidity of the judgment, and there was no intention to ratify it.

It is the contention of the plaintiff that the decree of the district court in said cause No. 5503, in so far as it adjudged the several undivided interests in the plaintiffs and defendant, is valid; but that the court, having found the land incapable of fair and equitable division, it was the duty of the court to order all the interest of all the parties in all the land sold, and the proceeds divided; and that the court's decree ordering the sale of only a part, two-fifths undivided interest, of the land was unwarranted in law, not within the jurisdiction of the court, and void; that said decree of the court, as to the sale of the undivided interest of said minors, was an unauthorized attempt to usurp the exclusive jurisdiction of the probate court; that the pleadings of the parties constituted cause No. 5503 a partition suit and did not clothe the district court with jurisdiction to enter the alleged unwarranted decree, in that its effect was not to partition the land, but to authorize and confirm a sale of the minors' undivided interest therein. Among the authorities cited stating the principal rules of law relied upon by appellants is 15 R. C. L. p. 853, quoted with approval in Farmers' National Bank v. Daggett (Tex. Com. App.) 2 S.W.(2d) 834, 839, which reads: "Even where a court has jurisdiction over the parties and the subject-matter, yet if it makes a decree which is not within the powers granted to it by the law of its organization, its decree is void. Thus a judgment may be collaterally attacked where the court had jurisdiction of the parties and subject-matter of the action, but did not have jurisdiction of the question which the judgment assumes to determine, or power to grant the particular relief which it assumes to afford to the litigants."

And in Smith v. Paschal (Tex. Com. App.) 1 S.W.(2d) 1086, 1087, in which Judge Nickels said: "The most usual statement of what makes a judgment void (distinguishable from voidable) is lack of jurisdiction over the parties, or some of them, or want of jurisdiction over the subject-matter. But, whether really included in the first-named condition or not, there is a third (or supplemental) state of like effect, and that is absence of authority to award the particular relief which the judgment undertakes to grant."

"If a judgment is void it must be from one or more of the following causes: (1) Want of jurisdiction over the subject-matter; (2) want of jurisdiction over the parties to the action, or some of them; (3) want of power to grant the relief contained in the judgment. In pronouncing judgments of the first and second class, the court acts without jurisdiction, while in those of the third class it acts in excess of jurisdiction. Freeman on Judgments, § 116." Crow v. Van Ness (Tex. Civ. App.) 232 S. W. 539, 541.

But it is not thought that the rules above quoted are applicable to the facts under consideration in this case; nor is the case of Messner v. Giddings, 65 Tex. 301, relied upon by appellants, controlling of the point here presented. Messner v. Giddings, supra, had under consideration a decree of the district court entered upon the application of the mother asking the district court to divest her minor children of title to real estate, to which said minors alone held all the title, and to vest it in her father in confirmation of an unauthorized sale of said minors' land by the mother to her father, offering to recompense the minors by executing in their favor a mortgage upon land owned by the mother. In holding that the petition of the mother did

not present an adversary proceeding but that it presented only a matter especially administrative in character and wholly within the exclusive jurisdiction of the probate court, Judge Stayton, speaking for the Supreme Court, said: "The proceeding was not one in which rights were asserted by any of the persons whose names appeared as plaintiffs against the person whose name appeared as a defendant, upon which the court, in the ordinary exercise of judicial power, was called upon to pass or to give relief. It was a proceeding in which, through a decree of the court, Mrs. McJilton was seeking, as was her father, to have the title of minors to real estate divested and vested in one of them, in pursuance of a contract which they had made, but had no power to carry out; and so, not by reason of any claim which either of these persons had against the minors or their estates. The proceeding can stand on no other ground, in a jurisdictional point of view than would an application to the district court, by a parent, to sell the real estate of his infant child, with a view to reinvest the proceeds to its advantage. * * * It was a proceeding, essentially administrative in its character, and not a controversy between party and party, in which adverse claim of right was asserted."

The petition in cause No. 5503 presented a suit for partition of an estate consisting of both real and personal property. It presented a matter within the jurisdiction of the district court of Rusk county. That court had jurisdiction of the parties and of the subject-matter of the suit. It is not questioned but that the district court in such a case had jurisdiction to order sale of all the interest of all the parties, including the interest of the minors, in all the property, or a portion of the property. But appellants contend that in ordering a sale of some, less than all, of the parties' undivided interest, including the undivided interest of the minors, in the land, the district court acted without or in excess of its jurisdiction. Title 104, R. C. S. 1925 (articles 6082–6109), provides the procedure for the exercise of the jurisdiction of the district court in suits for partition of real estate, and of courts generally, in suits for the partition of personal property. Article 6096 of this title provides: "Should the court be of the opinion that a fair and equitable division of the real estate, or any part thereof, can not be made, it shall order a sale of so much as is incapable of partition, which sale shall be for cash, or upon such other terms as the court may direct, and shall be made as under execution, or by private sale through a receiver, if the court so order, and the proceeds thereof shall be returned into court and be partitioned among the persons entitled thereto, according to their respective interests."

■ It appears from the above article that upon finding that the real estate, or any part thereof, is incapable of a fair and equitable division, it is the duty of the court to "order a sale [of all the interest of all the parties] of so much [of the land] as is incapable of partition." But it does not expressly prohibit the court from ordering a sale of the undivided interest of one or more of the parties; nor does it impliedly do so, unless it be given a restricted meaning to prohibit any proceeding not expressly provided. It does not appear that the Legislature intended that the statutory proceeding for partition so enacted by it should be restrictive or exclusive to powers of the courts previously existing under rules of equity; for, article 6106 of said title provides: "No provision of this title shall affect the mode of proceeding prescribed by law for the partition of estates of decedents among the heirs and legatees, nor preclude partition in any other manner authorized by the rules of equity; which rules shall govern in proceedings under this title in all things not provided for in this title."

So, it appears to have been the purpose of the statute to provide an additional and not an exclusive procedure to that of the equitable powers of the court to partition. Grassmeyer v. Beeson, 18 Tex. 753, 70 Am. Dec. 309; Moore v. Blagge, 91 Tex. 151, 38 S. W. 979, 41 S. W. 465; Blagge v. Shaw (Tex. Civ. App.) 41 S. W. 756; Kalteyer v. Wipff, 92 Tex. 673, 52 S. W. 63. In Oliver v. Oliver (Tex. Civ. App.) 181 S. W. 705, 706: "It is true, as alleged by plaintiff in error, that the statute does not provide that the court may decree the land to the defendant in error upon the payment of the balance due plaintiff in error; but the power of the court in this respect is not confined to the statute. Under the general jurisdiction of the district court, it has power to partition the estate."

The judgment in cause No. 5503 recites that the court found "it was to the best interest of all the parties to the suit that sale be made of said ⅔ undivided interest," by which it is made to appear that the court, in so ordering the sale as it did, was exercising its equitable powers authorized under the general jurisdiction of district courts, and based upon such a finding it is not made to appear that the decree was erroneous. However, should it be held that the decree of the court was error in that it failed to conform to the procedure provided by the statute, such would only be an error of law, of procedure, committed within the exercise of its jurisdiction, hence would not render the judgment void, and at most would only render it voidable. The cause of action to vacate the judgment for matters purporting to render it voidable was barred by the statute of four-year limitation.

■ Defendants made proof of title under their plea of ten-year limitation (Rev. St. 1925, art. 5510). However, it appears in the evidence on this issue that on February 2,

1920, within ten years of the date of the judgment and receiver's deed to him in cause No. 5503, C. E. Christian executed an oil and gas lease to one R. G. Storey, which was kept in force by paying delay rental on a part of the land for two years, and then reverted to C. E. Christian for failure to drill a well or to pay further delay rentals. And, on September 19, 1930, within ten years of the expiration of the Storey lease, the defendant, C. E. Christian, leased the land to the Devonian Oil & Gas Company, under which lease development was begun at a later date and oil produced in paying quantities. Since it is held in Texas that the execution of such leases is a conveyance and a constructive severance of the mineral from the surface, it is contended by appellants that they constitute breaks in each of said two ten-year periods, by reason of which the continued adverse possession of the surface by C. E. Christian could not be claimed to ripen title by limitation to the minerals. This point has been passed upon adversely to appellants' views in the cases of Clements v. Texas Co. (Tex. Civ. App.) 273 S. W. 993, 1005; McCombs v. Abrams (Tex. Civ. App.) 28 S.W.(2d) 584; Id. (Tex. Com. App.) 48 S.W.(2d) 612; Leverett v. Leverett (Tex. Civ. App.) 59 S. W. (2d) 252. In Clements v. Texas Co., supra, it is said: "A severance by one in possession, who has not yet matured a title, does not abandon, limit, or qualify his possession for the purpose of ripening a title against the true owner out of possession; and that, as against such disseized owner, the continued possession of a trespasser after severance, as before, is adverse, and that such possession continued by either the trespasser or the third person to whom he severs will mature a title by limitation to the entire tract as against such disseized owner."

We have carefully and with appreciation considered the argument and authorities cited in support of appellants' contention above stated, but we are not of the opinion that the rule announced in the above authorities is unsound.

Plaintiffs made parties defendants to this suit A. D. Allen and E. D. Sessions. As against said defendants, plaintiffs sought to cancel certain powers of attorney and an oil and gas lease executed to said defendants by plaintiffs. It being alleged that as a consideration for said instruments said defendants had promised to promptly and without delay recover plaintiffs' undivided interest in said land, which promise it is alleged said defendants had wholly failed to in any manner keep or perform, hence consideration for said instruments had wholly failed. It is assigned as error that the court instructed the jury to return a verdict in favor of all the defendants which included Allen and Sessions. We are not of the opinion that the action of the court in this respect, if error, was such an error as would authorize a reversal of the case, since any injury to be received by appellants from a failure to cancel the Allen and Sessions instruments would be dependent upon plaintiffs' recovery of the land involved in this suit.

Appellants have made other assignments of error, all of which we have considered, but finding no error presented, they are respectfully overruled.

The judgment of the trial court is in all respects affirmed.