ASA LAKE, APPELLANT, VS. MINERVA J. HANCOCK,
FOR USE OF JAMES W. PAYNE, APPELLEE.

1. In an action of ejectment proof by defendant that third per-
sons other than the plaintiff have executed to such defendant
a deed of conveyance of the premises in dispute, unaccom-
panied by any proof of posession or title in such grantors in
said conveyance, is no evidence of title in such defendant.
Especially is such a deed of no avail to a party defendant

who has admitted to the plaintiff that he knew the grantors therein did not own the land conveyed thereby, and that the deed was of no validity.

2. A vendee having acquired posession of land from his vendor under an executory contract to purchase the same, and having failed to pay for the same, and to surrender possession upon demand after he had forfeited his right thereto, is estopped, when sued by his vendor for the possession of the land so wrongfully withheld, to dispute his vendor's title or to set up as a defense any outstanding title acquired by him, the vendee, during the continuance of such possession.

3. An unrecorded deed is good and effectual against subsequent purchasers, unless such purchasers bought the promises without notice of the former conveyance, and for a valuable consideration.

4. The want of notice on the part of a purchaser of premises, which his grantors had previously conveyed by an unrecorded deed, need not be shown otherwise than by showing the absence of a record, which is *prima facie* sufficient.

5. The burden of proof is upon the party who claims by virtue of a priority of record, against a prior but unrecorded deed, to show affirmatively by the payment of a valuable consideration, which must be shown by some other evidence than the mere recital of it in a deed.

6. In an action of ejectment where the evidence only tends to show that the land sued for was included with other lands in the declaration filed in an action of ejectment formerly pending between the same parties, but for some reason not shown was omitted from the verdict and judgment, the issue as to the land in controversy does not appear to have been determined for either party, and there being no judgment as to the identical matter in controversy, the former proceedings are no bar to plaintiff's recovery.

7. In an action of ejectment where the defendant had as against the plaintiff no title or right of possession whatever, and was estopped to dispute the plaintiff's title, and could not have defeated the plaintiff under any proper view of the law and facts of the case, and where the plaintiff was entitled to succeed, whatever might have been the charge of the court, it is idle to discuss the question whether or not the trial

court made some technical error in its instructions to the jury. If there was such error, it is harmless error for which the judgment should not be reversed.

Appeal from the Circuit Court for Columbia county.

### STATEMENT.

The proceeding in the court below was an action of ejectment brought by the plaintiff in error against the defendant in error. Verdict and judgment for the plaintiff, and defendant appealed. The parties are hereinafter designated according to their status in the Circuit Court. The plea was not guilty.

It appears from the evidence that the original possession of the defendant was a tenant of George W. Hancock, deceased, who was the husband of the plaintiff. He was what was called a "renter," or "cropper." After the death of Hancock, the plaintiff, his widow and heir at law, also rented the land to defendant for the year 1883. He did not pay the rent, but in the fall of the same year entered into an agreement with the plaintiff to buy the land, she gave him bond for titles. He paid $200 cash upon the purchase money, and executed two notes for the balance. Several years after the defendant came to see the plaintiff and told her that he was not able to pay for the land, and also told her that he had a deed from one George W. Watts to the same land. The plaintiff stated to him that he knew said Watts did not own the land. To this statement defendant replied, "yes, that he knew Watts did not own the land, and that his deed was no account." After this conversation the plaintiff with her attorney went to the land in question, tendered the defendant a warranty deed and his purchase money

notes, and demanded a compliance with his bond for title. He said he was not able to pay, and would remove from the land in a week if given time. Plaintiff gave him two weeks to get off, and then demanded, about June 1st, 1890, that he get off. Afterwards he sent a message to plaintiff stating that his attorneys advised him to hold the land. The defendant had remained upon the land continuously from the date of his contract of purchase to the trial of the case. The evidence shows various deeds and muniments of title of the plaintiff and her ancestor George W. Hancock. The defendant relied upon what he claimed was a former adjudication of the controversy between the parties, and a deed from one George W. Watts and wife. The nature of this defense of *res judicata* is stated in the opinion. The deed from Watts and wife to defendant was executed September 1st, 1886, and was duly recorded on the 2d day of the same month. It appears from the evidence that Florence Watts, wife of George W. Watts, was a daughter and heir at law of C. D. Parks, the original patentee of the land, and was also an heir at law of Minnie Parks and Mary Parks, deceased daughters of said patentee. The said parties, on January 1st, 1882, before the contract of purchase by the defendant, had made a deed of conveyance to said George W. Hancock embracing the land in question, conveying all the right, title and interest of Mrs. Watts as an heir at law of the parties above mentioned. This conveyance, however, was not recorded until September 1st, 1890. The deed of same parties to the defendant is not a conveyance of any special interest in the land but a conveyance of the premises generally, containing covenants of warranty that both parties were seized of an absolute fee simple

title to the land. There is no evidence showing any title or possession in Watts and wife at the time of the conveyance to the defendant. A motion for new trial was overruled. The defendant takes an appeal. The alleged errors consist in overruling the motion for a new trial, and in incorrect charges of the court to the jury upon the trial of the case.

*B. B. Blackwell*, for Appellant.

*B. H. Palmer*, for Appellee.

LIDDON, J.:

It is claimed by counsel for appellant (defendant below) that the motion for new trial was improperly overruled, for the reason that the evidence fails to show the entire estate in the appellee, and would not support a recovery of a fee simple title. The defect in the evidence is not pointed out by counsel. He says it is a plain palpable fact to be ascertained by an inspection of the deeds in evidence. We have examined the deeds offered by plaintiff, and in connection with the parol proof offered we think, as against the defendant, they show a valid fee simple title in the plaintiff. It is entirely useless when the propositions of law hereinafter stated shall be considered, to state the nature and character of the evidence impelling us to this conclusion. The defendant evidently means that the deed of George W. Watts and wife to him shows that at the time of his contract of purchase of the land there was an outstanding title to the land, or some interest therein, which was afterwards purchased by him, and constitutes a defect in appellee's title. There are many reasons why this deed does not

show any title whatever in the appellant, and why it fails to show any defect in appellee's title. In the first place, there is no evidence whatever that George W. Watts and wife, the grantors, were ever in possession of the premises conveyed, or that at the time of such conveyance he had any title to the same. A deed unaccompanied by such evidence is not sufficient evidence of a title of appellant to justify setting aside the verdict upon the grounds stated. Florida Southern Ry. Co. vs. Burt, 36 Fla. 497, 18 South. Rep. 581. Especially should this deed be held of no avail to the appellant when, according to the undisputed evidence in the case, he admitted to the appellee in the presence of her counsel, that he knew at the time of the execution of the deed that Watts did not own the land, and that the deed was of "no account." Another, and the most important, reason why the appellant can not avail himself of the purchase of the supposed outstanding title is, that at the time he acquired such title he was in possession of the land—a possession acquired from the appellee under an executory contract with her for the purchase of the same. Having failed to pay for the land in accordance with his contract, and to surrender the possession upon demand after he had forfeited his right thereto, he is estopped to dispute his vendor's title or to set up any outstanding title acquired by him while in such possession (as is stated above), when his vendor sues for the possession of the land thus wrongfully withheld from her. The following rule has been laid down by this court: "A party having the right to enter into possession of land, and agreeing to so enter in a contract of purchase based upon an acknowledgment of title in another, and obtaining possession so far as this party is concerned un-

der such agreement, is estopped from referring his possession to rights acquired under a conveyance by a third party to him. A party thus entitled to possession, or thus in possession, acquiring an outstanding title, holds it in trust, and not for his own benefit." Sanford vs. Cloud, 17 Fla. 557. In Bush vs. Adams, 22 Fla. 177, it was held that "if a vendee of land, remaining in possession, buys in an outstanding incumbrance, he will not be permitted to set up an adverse title under it." This case points out the remedy of the vendee, which it is useless to discuss here. The same rule is also settled in the case of Goodwin vs. Markwell, decided at the last term of this court, in which Hart vs. Bostwick, 14 Fla. 162, is cited. While it is perhaps useless to cite other authority, it may be stated that they are in full accord with the decisions of this court. A leading work upon the subject correctly states the law as follows: "Where, however, the vendee enters into possession under an executory contract to purchase land, and fails to comply with the terms of the contract by neglecting to pay the purchase money, the vendor may bring ejectment, and the vendee obviously can not dispute his title, nor set up an outstanding title to defeat a recovery, any more than a lessee could question the title of his lessor, and for the same reason. The estoppel in one case, as in the other, is founded upon the fact that the defendant has been clothed with the possession by the plaintiff. Were the rule otherwise the inconvenient condition of affairs would result that no vendor could safely part with the possession of his lands until the consideration money had been fully paid." Sedgwick & Wait, on Trial of Title to Land (2d ed.), sec. 317. Many authorities are cited by the author, a number of which

we have examined, and which fully sustain the propositions announced.

There is no virtue in any claim by appellant that his deed from Watts and wife has priority over the deed from the same parties to appellee's ancestor, by reason of priority of record. The unrecorded deed was good and effectual against the appellant, unless when he purchased he did so (1st) without notice, and (2d) for a valuable consideration. McClellan's Digest, p. 215, sec. 6; Revised Statutes, sec. 1972. There was no proof whatever upon either of these points upon the part of the appellant. He relied exclusively upon the bare fact of the execution of a deed to him. As to the first point—want of notice—the weight of authority is that this need not be shown by a purchaser otherwise than by proof of the absence of a record, which is *prima facie* sufficient. Shotwell vs. Harrison, 22 Mich. 410. We think, however, this *prima facie* proof of want of notice was overcome by proof showing actual notice to the appellant of the former conveyance. The testimony upon which we predicate this view is the undisputed evidence of the admissions of appellant to appellee as to his knowledge of the title of his grantors, hereinbefore mentioned.

Upon the other point—payment of a valuable consideration—there is considerable conflict among the authorities as to the burden of proof. Some of the authorities hold that in actions of ejectment, where the strict legal title only is in question, the recital of a receipt of a consideration in a deed is *prima facie* evidence of its payment. As we do not adhere to this line of decisions, nothing more need be said of them. We simply refer those desiring further information to the case of Wood vs. Chapin, 13 N. Y. 509, S. C. 67

Am. Dec. 62, and note on pages 74 and 75, where other cases announcing similar views are collated.    The great weight of authority is in favor of the proposition that where the payment of a valuable consideration becomes a material question, it must be affirmatively proven by the party relying upon it, and such payment can not be proven by the mere recital of it in the deed.    In Shotwell vs. Harrison, *supra*, it is, we think, correctly said.    The burden of proof is upon the party who claims by virtue of a priority of record against a prior but unrecorded deed to show affirmatively the payment of a valuable consideration, and that by some other evidence than the mere recital of it in the deed. This case contains an elaborate and interesting discussion of the subject, giving the reason of the rule, too lengthy to be here inserted.    Among other authorities to the same effect are Long vs. Dollarhide, 24 Cal. 218; Galland vs. Jackman, 26 Cal. 79, S. C. 85 Am. Dec. 172; Nolen & Thompson vs. Heirs of Gwyn, 16 Ala. 725; Watkins vs. Edwards, 23 Texas, 443; Bishop vs. Schneider, 46 Mo. 472, S. C. 2 Am. Rep. 533; Hawley vs. Bullock, 29 Texas, 216; Bolton vs. Johns, 5 Penn. St. 145, S. C. 47 Am. Dec. 404, and authorities cited in note on page 408; Union Canal Co. vs. Young, 1 Wharton, 410, S. C. 30 Am. Dec. 212, and authorities collated in note on page 225; Lloyd vs. Lynch, 28 Penn. St. 419, S. C. 70 Am. Dec. 137.    In 2 Devlin on Deeds, sec. 821, after reviewing the authorities, proceeds as follows to state the true rule and the principle underlying the same:    "The cases holding that a recital in a deed of the payment of the consideration is not evidence of that fact as against a stranger, state, as it seems to us, the true and correct principle.    If the payment of the consideration price is a fact essential to

the establishment of a right or claim, this fact should be proven as are other facts. The acknowledgment of payment is an admission on the part of the grantor, contained in writing it is true, but of no greater force for this reason, except for its certainty, than if made orally.

The appellant claims that the judgment was erroneous because the evidence upon the trial shows that the title and right of possession to the land in controvery was *res judicata* between the parties. The proper disposition of this contention requires some statement of the evidence referred to. The evidence upon this point consisted of the record of the trial in an action of ejectment, wherein the present plaintiff was the plaintiff, and the present defendant was the defendant. The verdict, in the usual form, finds for plaintiff, and complies with the statutory requirements as to stating the quantity of estate of the plaintiff, and giving a description of the lands. The judgment properly follows the verdict. The lands described in such verdict and judgment are not the same as those sued for; they are entirely different. John Vinzant, Clerk of the Circuit Court, testified that he had searched carefully in his office for the pleadings in the case in which the judgment was entered, but was unable to find them, although they had been in his office. B. B. Blackwell, defendant's attorney, testified that he was familiar with such pleadings, and that the eighty acres of land sued for was embraced in the declaration in the former case, together with other land, but the plaintiff failed to recover said eighty acres; that the plaintiff in the former case relied upon the same evidence as in the present, except a deed from Holmes Parks and wife, which had not been executed

at such time.   This evidence does not sustain defendant's contention.   It only tends to show that this land was included in a declaration in a suit in ejectment between the said parties, but for some reason not shown was omitted from the verdict and judgment.   The issue as to this land seems not to have been determined for either party.   There being no judgment as to the identical matter in controversy, the former proceedings are no bar to plainntiff's recovery.   To constitute such a bar to further proceedings, there must have been actual judgment upon the same issue.   It is the policy of the law "that there should be an end to every litigation, and when an issue has been once actually determined, it should not again be contested by the same adversaries, or those claiming under them. *   *   The general rule is intended to prevent litigation, and preserve peace.   *   *   But without such actual determination on the merits, evidenced by a record which can not be contradicted, the reason of the rule does not apply."   Webb vs. Buckelew, 82 N. Y. 555.   The judgment is not a bar to further proceedings unless it be between the same parties and touching the same subject-matter.   Little Bros. vs. Barlow, 37 Fla. 232, 20 South. Rep. 240; Holt vs. Miers, 9 Car. & P. 191.   It is a familiar principle that a judgment concludes the parties only as to the grounds covered by it and the facts necessary to uphold it.   Wells on Res Adjudicata, p. 196, and authorities cited in text; 21 Am. & Eng. Ency. of Law, 128, and authorities cited in note; Packett Company vs. Sickles, 5 Wall. 580, text 592.

One of the charges of the court to the jury it is complained states too broadly the nature of the title which must be had by the defendant in order to over-

come the proof of a legal title and right of possession. In view of the fact that defendant had, as against the plaintiff, no title or right of possession whatever, and that he was estopped to dispute the plaintiff's title, and that he could have defeated plaintiff under no proper instruction or view of the law and facts of the case, and that plaintiff was entitled to succeed, whatever might have been the charge of the court it would be idle to discuss the question of technical error in this charge. If it was erroneous, it was harmless error, for which the judgment should not be reversed. Hayes vs. Todd, 34 Fla. 233, text 243, 15 South. Rep. 752; and cases cited from this and other States; White vs. Ross, 35 Fla. 377, 17 South. Rep. 640; Robinson & Co. vs. Hyer Bros., 35 Fla. 544, 17 South. Rep. 745; Frank, Herman & Co. vs. Williams, 36 Fla. 136, 18 South. Rep. 351; Bacon vs. Green, 36 Fla. 325, 18 South. Rep. 870.

Another charge of the court upon the subject of *res judicata* is objected to. There is no proof of any adjudication between the parties of the subject-matter of the controversy. Therefore, the court did not mislead the jury, to the prejudice of appellant by any instruction upon his defense of *res judicata*. According to the authorities just above cited any error upon such subject was necessarily harmless.

There is no reversible error in the record. The judgment of the court below is affirmed.