[Moore, et al. v. Empire Land Co.]

# Moore, *et al. v.* Empire Land Co.

## *Bill to Quiet Title.*

(Decided January 23, 1913.   Rehearing denied April 23, 1913.
61 South. 940.)

1. *Quieting Title; Constructive Possession; Minerals.*—Where the owner conveyed the surface rights to certain land, reserving the minerals, and the grantee went into possession of the surface, and he and his grantees, including complainant had remained in possession since 1874, no one having any separate actual possession of the minerals, the possession of the minerals accompanied the possession of the surface and complainant having acquired title to the minerals by adverse possession, was in the constructive possession thereof, and entitled to file a bill to quiet title to the minerals.

2. *Same; Grounds; Fraud.*—A complainant in a bill to quiet title cannot raise the issue that the interest of the respondents was acquired from the heirs of the original holder by fraud.

3. *Property; Title; Constructive Possession.*—In the absence of an actual possession in another, title to land always gives constructive possession to the holder thereof.

4. *Equity; Pleading; Multifariousness.*—Under section 3095, Code 1907, a bill seeking the cancellation of a deed as a cloud upon title, and charging it to have been obtained by fraud, and in violation of the duty of an agent, and asking that a trust be declared for the benefit of the complainant is not multifarious.

5. *Same; General Demurrer; Bill Good in Part.*—A bill seeking both to have title quieted and to have a trust declared in the same land, which is good as a bill to quiet title, is not subject to a general demurrer for want of equity, regardless of whether it is sufficient as a bill to declare a trust.

6. *Same; Parties; Joinder.*—Where the bill alleges that all of the parties respondent claim or are reputed to claim an interest in the land jointly, there is no misjoinder.

7. *Same; Fraud; Joint Participants.*—In a bill charging fraud and breach of trust, parties who are alleged to have participated in the transaction are proper, if not necessary parties to the bill.

8. *Abstractors; Purchase of Adverse Interest.*—An abstractor is not the agent of a purchaser in such sense as to preclude him from purchasing from the true owner a right in premises for which he had furnished the purchaser an abstract of title correctly showing the outstanding right which the abstractor subsequently purchased.

APPEAL from Walker Circuit Court.

Heard before Hon. J. J. CURTIS.

[Moore, et al. v. Empire Land Co.]

Bill by the Empire Land Company against J. S. Moore and others, to quiet title to land, and for other relief. From a decree for complainants, respondents appeal. Affirmed in part, and in part reversed and remanded.

JAMES J. RAY, for appellant. Objections for misjoinder may be made at the hearing, or by the court ex mero motu on error.—*Langley v. Andrews*, 132 Ala. 147; *Carwile v. Crump*, 165 Ala. 206; 57 Ala. 28. As a rule the record must show a responsible interest in every respondent.—16 Enc. P. & P. 590; 30 Cyc. 125. Parties as to whom no decree can be rendered on the hearing ought not to be made parties respondent or complainant.—*Jones v. Caldwell*, 116 Ala. 367. The bill was not good as a bill to quiet title, as the allegation of possession was inconsistent with and repugnant to the facts stated.—*Galloway v. Hendon*, 131 Ala. 280; *Smith v. Gordon*, 136 Ala. 498; 28 A. & E. Enc. of Law, 239. A grantee must be named in a deed or must be so described that he can be distinguished from other persons.—*Jones v. Morris*, 61 Ala. 521. The deed conveyed no legal title.—*Wallace v. Hodges*, 160 Ala. 276; *Dixon v. Van Hoose*, 157 Ala. 459; *Whittaker v. Miller*, 83 Ill. 381.

R. W. STOUTZ, and DAVIS & FITE, for appellee. Under the case of *Black Warrior C. Co. v. West*, 54 South. 200, the title to the minerals ripened in to a title in complainant. There was no misjoinder of parties.—Sec. 5443-4, Code 1907; 32 Cyc. 1348; 6 Pom. 739; *Johnson v. Little*, 141 Ala. 382; *Davis v. Denham*, 145 Ala. 245. The bill was not multifarious.—*Exchange Bank v. Stewart*, 158 Ala. 218; *Worthington v. Miller*, 134 Ala. 420; *Hill v. Moore*, 104 Ala. 353; *Reddick v. Long*, 124 Ala.

260.   Brotherton and Gamble as abstractors are held to the same measure of fidelity as trustees analogous to the duty of attorneys.—1 Cyc. 214; 31 Cyc. 1445; 1 A. & E. Enc. of Law, 220 and 1085; 3 Am. St. Rep. 502; 80 N. W. 992; 100 Am. Dec. 304.   This right to assert the right of a principal against the agent inures to the vendee of the principal.—*Fowler v. Ala. S. & I. Co.*, 164 Ala. 414.

ANDERSON, J.—The statute requires that a complainant, in order to maintain a bill thereunder to quiet title, must be in the possession of the land, actual or constructive, and while the present bill does not aver an actual possession, it does set up a constructive possession.   Therefore the question that arises is whether or not the facts set up in said bill refute the claim of constructive possession, or are sufficient to show that the complainant did have the constructive possession when the bill was filed.

Title to land always gives constructive possession to the holder thereof, in the absence of the actual possession in another, and this complainant claims title to the mineral interest in the land in question, and constructive possession thereof by virtue of its said title.   It seems that the remote grantor of the appellee, H. A. Key, went into possession of the land under color of title in 1867, and held same until 1874, when he conveyed the surface to another, and that the said grantee, and his successive grantees, have ever since been in the actual possession of the surface, with no one in the actual possession of the mineral.   It would therefore seem that notwithstanding H. A. Key, in 1874, conveyed the surface, separate and apart from the mineral right, that this, as a severance, was a mere legal fiction, and in the absence of an actual physical possession of the mineral

interest, distinct from the possession of the surface, did not operate to sever the possession of the mineral right from the one being held by the possessor of the surface. In other words, in the absence of a physical severance, the possession of the mineral right went with and followed the possession of the surface, and the holder of the surface, if the grantor of the mineral right, held for the benefit of his grantee of said mineral right; or if the holder of the surface was the grantee of the surface right, then he held the possession of the mineral right for the benefit of his grantor of the surface right, but who reserved the mineral right. This is the effect of the holding in the case of *Black Warrior Co. v. West,* 170 Ala. 346, 54 South. 200, and while there was division among the members of the court, the opinion of the majority must be, and is, accepted as the law. We therefore hold that the complainant has made out, under the averments of its bill, a title to the minerals by adverse possession, and which gives it the constructive possession of same.

The bill not only seeks a cancellation of the deed as a cloud upon complainant's title, but further charges that the deed acquired by Moore was in pursuance of a fraudulent conspiracy, and in violation of the duty of agent to principal, and upon false representations that the deed was being procured for this complainant, and asks that a trust be declared and that the complainant be entitle to the benefit of said purchase. Whether the bill be in the alternative or the relief be inconsistent, it relates to the same subject-matter or property, and is not multifarious under the terms of section 3095 of the Code of 1907.—*Durr v. Hanover Bank,* 170 Ala. 260, 53 South. 1012.

The bill is sufficient as a bill to quiet title under the statute, independent of the last phase of same, and the

general demurrer for want of equity was properly overruled.

We think that the bill utterly fails to make out a case which would cause the purchase of Moore from the Key heirs to inure to the benefit of this complainant. We do not gather from the averment that a breach of trust or fidelity has been committed, on the part of Gamble and Brotherton, as to this complainant, and the attempt to charge same is very remote and farfetched. It is questionable as to whether or not they occupied any fiduciary relationship with the Gulf Company, certainly none with this complainant. The Gulf Company employed Bankhead, an attorney, to abstract and pass upon its title to certain lands, not these respondents or the abstract company, and Bankhead employed the abstract company to furnish an abstract, and which seems to have been correct. There was no misrepresentation or concealment of any fact on the part of the abstract company, or by Bankhead, who pointed out in his report the infiirmity of the first Key deed, and which seems not to have deterred the present complainant from purchasing the property. It would be a monstrous expansion of the rule, against agents and attorneys, to hold that the abstractor of a title was forever forbidden from purchasing property from the true owner because at some time he furnished a correct abstract of the title to some claimant thereto.

The complainant attempts to strengthen its far-fetched charge of bad faith and breach of trust by a further averment that these parties misrepresented the facts when getting the deeds from the Key heirs. If this was true, then the Key heirs are the ones to seek relief, and not this complanant, and the bill was subject to the fourteenth ground of demurrer, which should have been sustained.

The bill charges that Gamble and Brotherton claim or are reputed to claim an interest in the land jointly with Moore and was not subject to demurrer for improper parties. Moreover, if they disclaim any interest or title to the land, they are discharged without cost.—Section 5448 of the Code.

Then, too, with the second phase of the bill in the case, charging fraud and a breach of trust, Gamble and Brotherton were at least proper, if not necessary, parties.

The decree of the court below is affirmed in part, and is reversed and remanded in part, with the cost of this appeal equally divided between the complainant and the respondents.

Affirmed in part and reversed and remanded.

DOWDELL, C. J., and MAYFIELD and DE GRAFFENRIED, JJ., concur.