CARLISLE, et al. *v*. FEDERAL LAND BANK, et al.

Apr. 20, 1953

No. 38711 28 Adv. S. 6 64 So. 2d 142

*Buchanan & Montgomery,* for appellants.

*Beverly C. Adams, O. M. Oates, Flowers, Brown & Burns, Wells, Thomas & Wells, Julian P. Alexander, Watkins, Edwards & Ludlam, Jno. T. Armstrong* and *Avery & Putnam,* for appellees.

292

ETHRIDGE, J.

Appellants, five of the six children (or heirs of such children) of Mrs. Anna Helms Carlisle, brought this action in the Chancery Court of the Second Judicial District of Jasper County asserting title to a quarter section of land in that county. The defendants, appellees here, are the Federal Land Bank of New Orleans, heirs of Lee Chancellor, and their grantees. All claim under the Federal Land Bank and Lee Chancellor.

Appellants' suit attacked a warranty deed from their mother, Mrs. Carlisle, to J. W. Helms, executed in January, 1923, and a deed of trust executed by Mrs. Anna Helms Carlisle, J. W. Helms and wife to the Federal Land Bank as beneficiary, dated February 1, 1924. This deed of trust was foreclosed by the Federal Land Bank in July 1935, at which sale the lands were purchased by the Bank. On October 4, 1937, the Bank conveyed the lands in question to Lee Chancellor by warranty deed, excepting therefrom a half interest in the minerals. Appellants contend that the 1923 deed from their mother to J. W. Helms was void because she never signed it, and because it was homestead property and her husband did not join in it. Similar claims were made as to the deed of trust of February 1, 1924. The Bank claims under the 1935 foreclosure and also asserts title to the property by adverse possession since 1937 up to the time of the filing of this suit on July 7, 1951.

A lengthy record was made in the chancery court, and the final decree adjudicated that appellees, Federal Land Bank and its grantees, had obtained title to the property by more than ten years adverse possession, under Code 1942, Sec. 711. There is no substantial dispute in the record that the Bank went into possession of the property through its tenant on September 17, 1937, and that since that time the Bank and its grantee Lee Chancellor, and his heirs and tenants have been in the open and continuous adverse possession of the property, for a total period of about fourteen years. The Chancellor so found and the great weight of the evidence supports that decision.

The only point which appellants seriously urge with reference to the adverse possessory titles of appellees is based upon a contention that the adverse possession of the lands by Lee Chancellor did not inure to the benefit of his grantor, the Federal Land Bank. On September 17, 1937, the Bank entered into possession of the property through its tenant, Anderson. The Bank then conveyed to Chancellor, on October 4, 1937, the surface and one-half of the minerals, excepting therefrom and reserving in the Bank a one-half mineral interest. Chancellor then went into possession, and his heirs have remained in possession up to the time this suit was filed. Most of the adverse possessory period ran after this deed to Chancellor.

■■■ The general rule is that, where there has been a severance of minerals by an adverse possessor, the continued adverse possession of the surface by the severor or severee inures to the benefit of the severed mineral estate as against the true owner. This is true whether the adverse possessor conveys the surface and reserves the minerals, or keeps the surface and conveys the minerals. A case substantially similar to the present one and holding to this effect is McLendon v. Comer, 200 S. W. 2d 427 (Tex. Civ. App. 1947). To the same effect are Clements v. Texas Co., 273 S. W. 993, 1005 (Tex. Civ. App.

1925); Alabama Fuel & Iron Co. v. Broadhead, 210 Ala. 545, 98 So. 789 (1924); Black Warrior Coal Co. v. West, 170 Ala. 346, 54 So. 200 (1911); Laird v. Gulf Production Co., 64 S. W. 2d 1080 (Tex. Civil App. 1933); McComb v. Abrams, 28 S. W. 2d 584, 602 (Tex. Civ. App. 1930); Leverett v. Leverett, 59 S. W. 2d 252 (Tex. Civ. App. 1933); Broughton v. Humble Oil & Refining Co., 105 S. W. 2d 480 (Tex. Civ. App. 1937); Thomas v. Southwestern Settlement & Development Co., 131 S. W. 2d 31 (Tex. Civ. App. 1939); Kilpatrick v. Gulf Production Co., 139 S. W. 2d 653 (Tex. Civ. App. 1940). See also Masterson, Adverse Possession and the Severed Mineral Estate, 25 Tex. L. Rev. 139 (1946); 25 Tex. L. Rev. 108 (1947, Comment on McLendon v. Comer, supra). Cook v. Farley, 195 Miss. 638, 654-655, 15 So. 2d 352 (1943), is not applicable to the present facts. The rule there stated is that in controversies between the severing grantor and severing grantee, or those claiming under the severing title, possession of the surface is not possession of the minerals. The rationale of the McLendon v. Comer rule is that, while a severance binding upon the parties to it was effected, no actual severance as to third parties was accomplished, since the severor did not have title, and continued possession by either the trespassing grantor or grantee continues to give notice to the true owner of the hostile claim being asserted by the adverse possessors against his title to the combined surface and mineral estate.

 25 Texas Law Review 108, 110, states the following as additional reasons for this rule: "As against a third party, possession by either the grantor or grantee where severance is attempted by a trespasser should be regarded as possession of the entire premises for the benefit of both, since collectively they are asserting a common title against the third party of which he has adequate notice by the possession of either. The result in this case is also desirable for policy reasons in that it will protect property owners, since in most cases it is

the rightful owner who must rely upon the statute of limitations to protect his title against the assertion of old claims.''

We do not consider the questions argued on this appeal of the validity of the deed of trust, of res judicata and of estoppel by judgment, because the above holding based upon adverse possession settles this controversy.

Affirmed.

*Roberds, P. J.,* and *Leé, Kyle* and *Arrington, JJ.,* concur.