### TREADWELL, et al v. WISDOM, et al.

#### No. 1948-C.

Circuit Court, Glades County.

August 6, 1958.

60

See also McConnel v. Wempner, the next case.

---

Joe L. Sharit, Jr., Hamilton, Straughn & Sharit, Winter Haven, and E. D. Treadwell, Jr., Arcadia, for plaintiffs.

Thomas A. Alexander, Macfarlane, Ferguson, Allison & Kelly, Tampa, for defendant Lykes Bros., Inc.

LYNN GERALD, Circuit Judge.

The above cause came on this day before me to be heard on the motion of the plaintiffs and the motion of the defendant, Lykes Bros., Inc., each seeking a summary judgment, and the court having considered the pleadings, affidavits, motions, and written briefs presented to the court, and having heard argument of counsel for the respective parties, finds—

### Conclusions of Fact

On November 3, 1939 the surviving members of the last board of directors of Indian Prairie Land Company, a dissolved corporation, conveyed the lands described in the complaint herein to Lykes Brothers, Inc. The deed excepted therefrom and reserved .to the grantors all oil, gas and sulphur in, on or under said lands, with the provision that said reservation would terminate and become inoperative if neither oil, gas nor sulphur was discovered in paying quantities in the state of Florida before November 3, 1949.

Grantee went into possession of the premises described, claiming title thereto under the deed, and this possession has continued uninterrupted to the filing of the complaint herein. Possession was evidenced by a substantial enclosure of the premises, its use for ranching purposes, cultivation, and taxes thereon have been paid as assessed.

R. W. Wisdom obtained a tax deed against the premises involved in the deed mentioned in the preceding paragraph on September 18, 1925, and the defendant, Harold W. Wisdom, was the grantee in a deed from R. W. Wisdom dated October 26, 1925. Neither of said parties ever went into possession of said premises under said deed, but said premises were at all times in the possession of plaintiffs or their predecessors in title, prior to the execution of the deed, to Lykes Brothers, Inc., who succeeded to the possession of the plaintiffs.

Lykes Bros., Inc. have succeeded to the interest of Lykes Brothers, Inc. Lykes Bros., Inc. and its predecessor accepted the deed under which it went into possession of said premises, with full knowledge of the exception and reservation mentioned hereinabove, and possession was taken and held by them under said deed. Neither Lykes Brothers, Inc. nor its corporate successor, Lykes Bros., Inc., have ever disputed the title of the plaintiffs to the minerals described in said reservation until the filing of the answer herein of the defendant, Lykes Bros., Inc., and the possession of said defendant was not adverse to the interest of the plaintiffs herein. Lykes Bros., Inc. and its corporate predecessor have been in open, hostile, notorious and exclusive possession of the surface interest described in said deed for almost nineteen years.

Oil and gas were found in paying quantities in the state of Florida in 1943.

### Conclusions of Law

The defendant, Lykes Bros., Inc., is estopped in pais and in law from asserting title to the oil, gas and sulphur underlying the lands described herein in derogation of the written deed under which it acquired possession of the surface of the lands. This is especially true since it never gave any notice to the plaintiffs, prior to the filing of its answer herein, that it claimed or intended to claim adversely to the plaintiffs. See Sanford v. Cloud (1880), 17 Fla. 557; Lake v. Hancock, 38 Fla. 53, 20 So. 811, 813; Clements v. Texas Company (Tex. Ct. Civ. App.), 273 S. W. 993, 1005; Moore v. Empire Land Co. (Ala.), 61 So. 940; 31 C. J. S. 395; 58 C. J. S. 223; 1 Am. Jur. 818; and 25 Texas Law Review 139, et seq.

The adverse possession of the surface of the lands described herein by Lykes Brothers, Inc. and its corporate successor, Lykes Bros., Inc., established title to the underlying oil, gas and sulphur in the plaintiffs. See Carlisle v. Federal Land Bank of New Orleans (Miss. 1953), 64 So. 2d 142; McLendon v. Comer (Tex. Ct. Civ. App. 1947), 200 S. W. 2d 427; and Clements v. Texas Company, supra.

It is therefore ordered, adjudged and decreed that the plaintiffs E. D. Treadwell, Moriat Gary McConnel, and May McMillan, as members of and constituting the last board of directors of Indian Prairie Land Company, a dissolved Florida corporation, have a good and indefeasible title to all of the oil, gas and sulphur underlying the following described lands, situate, lying and being in Glades County, Florida—

the NE¼, the NE¼ of the NW¼, and N½ of the NW¼ of the NW¼ (Tracts 33 to 42 inclusive, and Tract 48), Section 25, Township 40 South, Range 30 East, Glades County, Florida,

and that the title thereto is hereby forever quieted, confirmed and established in said plaintiffs, and that all persons, including the defendant, Lykes Bros., Inc., and each and every person, firm or corporation claiming any right, title or interest thereto under any of the defendants herein, or otherwise, be and they are hereby forever restrained and enjoined from asserting or attempting to assert any right, title or interest in the oil, gas and sulphur underlying said described lands.

It is further ordered, adjudged and decreed that the motion of the plaintiffs for summary judgment herein is hereby granted and the motion of the defendant, Lykes Bros., Inc., is hereby denied.