Huddleston, et al. *v.* Peel.

No. 41483          April 25, 1960          119 So. 2d 921

*R. L. Calhoun,* Hattiesburg; *Paul Griffith,* Waynes-boro, for appellant.

*W. B. Fontaine, Swep Taylor, Jr.,* Jackson, for appel-lee.

GILLESPIE, J.

The heirs of Cicero Arrington and Mary Arrington, both deceased, were the owners of a certain tract of land in Jasper County. Two of the heirs lived on the land and they executed a warranty deed on December 5, 1932, to Mrs. Vivian Huddleston purporting to convey the entire interest in the land. Actually, the deed conveyed a 2/11th interest in the land. Mrs. Vivian Huddleston conveyed the land by warranty deed to her son, E. R. Huddleston, on December 27, 1935. These deeds were promptly filed for record. The Arrington heirs, other than the two who executed the deed to Mrs. Huddleston, executed to W. F. Latham a mineral deed to one-half undivided interest in the minerals in the lands on February 5, 1944. This deed was promptly filed for record.

E. R. Huddleston died intestate on June 8, 1957. His heirs brought this suit against all Arrington heirs save the two who deeded the property to Mrs. Huddleston, Ada Mae Peel, who succeeded to such mineral interest as W. F. Latham acquired by the deed of February 5, 1944, and those claiming under her. The bill sought to cancel as clouds upon the complainants' title the deed from the Arrington heirs to Latham purporting to convey a one-half interest in the minerals, and canceling the title of those claiming under said mineral deed. The bill also prayed for confirmation of the title of complainants to the entire interest in said lands. The bill contained averments of adverse possession of the lands from 1932 until the bill was filed in 1959.

None of the Arrington heirs answered the bill and the bill was taken as confessed as against them. Mrs. Peel and her lessees and their assignees answered denying adverse possession by complainants and their predecessors in title, and contending they were innocent purchasers. The chancellor confirmed title in complainants to the surface rights and a one-half interest in the minerals, and sustained the cross-bill of Mrs. Peel confirming her title to an undivided one-half interest in the minerals subject to certain rights of those claiming lease rights through her. Complainants appeal.

The chancellor found upon ample proof that after Mrs. Huddleston got the deed from two of the Arrington heirs on December 3, 1932, she rented the lands to one of the Arrington heirs for 1933 and at the close of 1933, all the Arrington heirs moved off the place, and E. R. Huddleston rented the property from Mrs. Huddleston for the years 1934 and 1935. On December 27, 1935, Mrs. Huddleston deeded the property to E. R. Huddleston who made a crop thereon the year 1934 and continued to cultivate the lands until his death in 1957. The public road ran through the land. In 1940, E. R. Huddleston built a home on the property and moved into the house and lived there until he died; and his family, the complainants below and appellants here, continued to live in said home thereafter. The chancellor found that some of the Arrington heirs lived in the vicinity of the lands and some of them lived out of the state. The land was assessed to Mrs. Huddleston for the years 1934 and 1935, and she paid the taxes thereon. The land was assessed from the years 1936 through 1957 to E. R. Huddleston, who paid the taxes thereon. Since 1957, the land has been assessed to E. R. Huddleston Estate.

The chancellor recited in the final decree that complainants and their predecessors in title had been in actual, open, hostile, peaceable, continuous, notorious, and uninterrupted possession of said lands since the latter part of 1933 or the first part of 1934, but held that such

possession did not extend to cover the one-half mineral interest deeded by some of the Arrington heirs to Latham on February 5, 1944. From his finding that adverse possession began not later than the first part of 1934, it follows that the chancellor found that there was an ouster of the Arrington heirs who did not sign Mrs. Hudduleston's deed, because there is no adverse possession until there is an ouster. Whether the entire period of the ten-year adverse possession had run when Latham got his mineral deed may be in doubt, but undoubtedly there was an ouster of the Arrington heirs long before the date of the Latham mineral deed on February 5, 1944. The statute of limitations had been running for a long period of time before the Latham mineral deed was executed and filed for record.

The question for decision is: Where an adverse possessor takes possession of lands and the statute of limitation begins to run before there is a severance of the mineral estate from the surface estate, and the legal owner out of possession conveys the mineral estate to another, does the adverse possession continue as against the owner of the severed mineral estate in the same manner as if no severance had taken place?

██ The rule is that after title to the surface estate has been severed from title to the underlying mineral estate, title to the minerals cannot be acquired by adverse possession of the surface alone. This seems to be the universal rule and the one adhered to by this Court. See cases beginning 35 A. L. R. 2d 154. ██ On the other hand, it is well settled that where a person is in adverse possession of lands and the mineral estate has not been severed from the surface estate, and the legal owner of the land attempts to convey the mineral estate, the adverse possession will continue as if there had been no conveyance of the mineral estate. See cases, 35 A. L. R. 2d 149, et seq. Cf. Carlisle v. Federal Land Bank, 217 Miss. 289, 64 So. 2d 142.

In the leading case of Rio Bravo Oil Co. v. Staley Oil Co., 138 Tex. 198, 158 S. W. 2d 293, the Court said: "And where adverse possession sets the limitation statutes in motion so as effectively to mature title to the surface estate in a claimant, execution and delivery of a mineral lease by another (unaccompanied by ouster or suit) even during the period that limitation is so running will not operate as a severance so as to defeat claimants' title to the mineral estate as well as the surface estate." There was no suit or ouster in the present case. The statute continued to run unaffected by the attempted severance of the mineral estate.

We therefore hold that the chancellor erred in applying the law to the facts, and that appellants were entitled to a cancellation of the mineral deed from the Arrington heirs to W. F. Latham and the cancellation of the claims of all persons claiming through or under said mineral deed, and appellants were entitled to confirmation of their title to the surface and all the mineral estate in said lands.

The contention that appellees were innocent purchasers requires no discussion.

Reversed and decree here for appellants.

*McGehee, C. J.,* and *Lee, Kyle* and *Ethridge, JJ.,* concur.

## ON MOTIONS

HALL, J.

The appellee has filed a combined suggestion of error, a motion to remand, and a motion to retax costs, all of which have been carefully considered by us, and the suggestion of error should be, and it is, hereby overruled.

The motion to remand gives as a reason for remand that the appellee desires an opportunity to recast the pleadings. We think that the pleadings should have been in proper shape before the case was ever disposed of, and the motion to remand is therefore hereby overruled.

The appellee also filed a motion to retax the costs in this case. We think there is merit in this motion and that the same should be sustained. The clerk of the lower court totally ignored and departed from our Rule No. 2 in that the record contains the process on all of the defendants and the returns thereon, so that the record shows a total of fifteen pages which it should not contain. It also contains the proof of publication for nonresident defendants consisting of two pages. It also contains a copy of an oil, gas and mineral lease which consumes twenty-three pages of the record and an oil, gas and mineral lease is duplicated on two pages of the record; a similar instrument is duplicated on twenty-four pages of the record; an instrument on Page 50 of the record is duplicated on Page 72; an instrument shown on Page 51 of the record is duplicated on Page 71; an instrument shown on Page 64 of the record is duplicated on Page 69, and an instrument on Page 74 of the record is duplicated on Page 128.

In the case of Carroll Notion Company v. Neville, on the motion to reduce the cost bill on appeal in 217 Miss. 701, 65 So. 2d 146, we called attention to such duplications which add to the cost of the appeal and increase the work of this Court in reading the record, and we also called attention to the fact that from time to time suggestions to clerks of the trial courts have been furnished by the Clerk of this Court at our instance to enlist their cooperation in eliminating unnecessary costs to litigants on appeals; and we said that while a great majority of the clerks are observing these suggestions, it has become necessary to reemphasize the need of including such matters as are material to the determination of the cause here on appeal.

In the case of Masonite Corporation v. Guy, 223 Miss. 8, 78 So. 2d 579, on a motion to retax costs, we again pointed out the necessity of complying with Rule 2, and we stated that we are daily confronted with records from

all parts of the State where there has been no effort to comply with Rule 2 in making up records for appeal.

In Patridge v. McAtee, 225 Miss. 141, on a suggestion of diminution of record reported in 81 So. 2d 714, we called attention again to the habit of some clerks in disregarding the plain provisions of Rule 2, and we stated: ''When any document has already been copied once in the record, it does not need to be copied again, or repeatedly copied, but it is only necessary that in the subsequent places in the record where the same is introduced or referred to, the clerk only need refer to it as previously copied.''

The motion to retax the costs in this case so as to eliminate from the fee bill the charge for unnecessarily encumbering the record is hereby sustained.

Suggestion of error overruled; motion to remand overruled; and motion to retax costs sustained.

*McGehee, C. J.,* and *Lee, Kyle* and *Gillespie, JJ.,* concur.